UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN ALLEN McCRACKEN, | CASE NO. C21-5222JLR |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM MANNESS BRYAN, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court are:  (1) Magistrate Judge Michelle L. Peterson's report and recommendation ("R&R") (R&R (Dkt. # 12)) and *pro se* Plaintiff Steven Allen McCracken's objections thereto (Obj. (Dkt. # 14)); (2) Mr. McCracken's notice on the timeliness of his objections to Magistrate Judge Peterson's R&R, which the court will construe as a motion for an extension of time in accordance with its duty to liberally construe *pro se* filings (Notice (Dkt. # 13)); (3) Mr. McCracken's objection to the Magistrate Judge's order requiring him to serve his objections on Defendant William

1 | Manness Bryan and a motion for a continuance of that service deadline (Mot. for Cont.
2 | (Dkt. # 15)); and (4) Mr. McCracken's motion to amend his complaint (Mot. to Amend
3 | (Dkt. # 9)). Magistrate Judge Peterson recommends that the court dismiss Mr.
4 | McCracken's complaint and deny his motion to amend as moot pursuant to 28 U.S.C.
5 | § 1915(e)(2)(B) for failure to state a cognizable claim for relief. (R&R at 1, 12.) Having
6 | carefully reviewed all of the foregoing, all other relevant documents, and the governing
7 | law, the court ADOPTS Magistrate Judge Peterson's R&R, DENIES Mr. McCracken's
8 | pending motions for an extension of time, continuance of the service deadline, and to
9 | amend his complaint as moot, and DISMISSES this action with prejudice.

## II.  BACKGROUND

Mr. McCracken brings claims against Mr. Bryan under 18 U.S.C. § 1595, the civil remedy provision of the Trafficking Victims Protection Act ("TVPA" or "the Act"). (*See generally* Compl. (Dkt. # 5).) His claims relate to the drug offenses for which he is currently confined. (*See id.*) He asserts that his longtime acquaintance, Mr. Bryan, coerced him into participating in the drug transaction which led to his conviction and confinement. (*See id.* at 1, 15-19.) Mr. McCracken alleges that Mr. Bryan's conduct violated various provisions of the TVPA, including those which criminalize forced labor (§ 1589), involuntary servitude (§ 1584), and peonage (§ 1581), thus entitling Plaintiff to

//
//
//
//

an award of damages under § 1595. (*See id.*)[1] During the interaction that serves as the basis for Mr. McCracken's claims, Mr. Bryan accused Mr. McCracken of "starving out" and "cutting the throat" of both Mr. Bryan and another individual. (*Id.* at 3.) Mr. McCracken alleges that, "[a]fter some back and forth," Mr. Bryan told him: "You think I'm gonna sit here out of dope while you are the only one that has [or can get] product?" and "I'm not going to take that!" (*Id.* at 2.) Mr. McCracken asserts that he interpreted these statements as a threat, ultimately leading him to engage in the drug transaction. (*Id.* at 2-3.)

After reviewing the complaint, Magistrate Judge Peterson concluded that Mr. McCracken had not identified therein any plausible claim for relief, and she issued an order directing Mr. McCracken to show cause why this action should not be dismissed. (OSC (Dkt. # 6).) Mr. McCracken filed a response to Magistrate Judge Peterson's order to show cause (Resp. (Dkt. # 8)) as well as a motion for leave to amend his complaint. (*See* Mot. to Amend); *see also* R&R (noting that Mr. McCracken's motion for leave to amend "is actually a request to supplement his original complaint with additional details and facts apparently intended to demonstrate the plausibility of his claims").) Magistrate Judge Peterson then filed her R&R recommending that the court dismiss Mr. McCracken's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim for relief and deny his motion to amend as moot. (*See* R&R at 12.) Mr.

//

---

[1] Mr. McCracken also alleges that Mr. Bryan violated the Act by benefitting financially from peonage, slavery, and trafficking in persons, as well as by conspiring and attempting to violate various provisions of Chapter 77 of Title 18. (*See* Compl. at 1, 15-19.)

McCracken timely filed his objections to Magistrate Judge Peterson's R&R.  (*See* Obj.; Notice.)  The court now considers Mr. McCracken's objections.

### III.     ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *Id.*

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  The complaint must allege facts that plausibly establish the defendant's liability and contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(1)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (noting that Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6)); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Twombly*, 550 U.S. at 555) (noting that Federal Rule of Civil Procedure 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"). Because Mr. McCracken is proceeding *pro se*, the court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). But even liberally construed, Mr. McCracken's complaint fails to plausibly establish Mr. Bryan's liability or raise his "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (noting that in reviewing the plausibility of a complaint courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Mr. McCracken raises numerous objections to the R&R. (*See generally* Obj.) His objections are directed at (1) Magistrate Judge Peterson's overall conclusion that Mr. McCracken failed to plausibly allege that Mr. Bryan's conduct rose to the level of the type of conduct criminalized in § 1589 (forced labor), § 1584 (involuntary servitude), and § 1581 (peonage) and (2) the way Magistrate Judge Peterson considered certain facts in reaching her conclusion. (*Id.* at 2-3.) The court has reviewed Mr. McCracken's objections, and has considered Magistrate Judge Peterson's recommendations de novo in light of those objections. Mr. McCracken's objections essentially reiterate his arguments from previous filings and do not raise any novel issues that were not addressed by Magistrate Judge Peterson's R&R.

"Congress's express purpose in enacting the TVPA in 2000 was 'to combat trafficking in persons, a contemporary manifestation of slavery whose victims are

predominantly women and children, and to ensure just and effective punishment of traffickers, and to protect their victims.'" Pub. L. No. 106-386, § 102(a), 114 Stat. 1464 (2000); (*see also* R&R at 5).[2] However, as Mr. McCracken addressed in his objections, courts have noted that Congress broadly defined the types of harm and conduct that qualify under the Act because "the means used by modern-day traffickers are 'increasingly subtle.'" *United States v. Dann*, 652 F.3d 1160, 1169 (9th Cir. 2011) (quoting H.R. Rep. No. 106–939, at 101 (Conf. Rep.)); (*see also* Obj. at 18-20). While the court acknowledges the TVPA's broad scope, the facts in this case do not rise to the level of the types of harm and conduct covered by the Act. *Dann*, 652 F.3d at 1170 ("To be sure, not all bad employer-employee relationships or even bad employer-immigrant nanny relationships will constitute forced labor.").

The facts in this case do not demonstrate that Mr. McCracken was a servant or slave to Mr. Bryan, but instead showed that Mr. McCracken and Mr. Bryan were longtime acquaintances and that Mr. McCracken was enlisted on one occasion to arrange and execute a drug transaction allegedly against his will. (R&R at 8; Compl. at 2-4, 15-19.) Moreover, Mr. McCracken acknowledges that Mr. Bryan made random, explicit threats to him in the past that did "not to force him into buying and/or selling drugs," but instead "focused on forcing Plaintiff to do or not do other stuff, such as not stealing customers, money, or drugs . . . ." (R&R at 7; Compl. at 13.) Mr. McCracken does not

---

[2] Mr. McCracken relies on § 1589, which was enacted as part of the TVPA, as a basis for his forced labor claim. The other statutes that Mr. McCracken relies on, §§ 1581 and 1584, were enacted by Congress to implement the Thirteenth Amendment. (R&R at 5); *United States v. Kozminski*, 487 U.S. 931, 945-52 (1988); *United States v. Gaskin*, 320 U.S. 527, 528 (1944).

allege that any of Mr. Bryan's prior threats transformed his relationship with Mr. Bryan into one of involuntary servitude or forced labor. Instead, Mr. McCracken insists that the relationship changed when Mr. Bryan said, "You think I'm gonna sit here out of dope while you are the only one that has [or can get] product?" and "I'm not going to take that!" in a "godfather type tone." (Compl. at 2.) Mr. McCracken fails to plausibly explain why these later purported threats transformed the relationship into one of servitude or forced labor, while the prior threats did not. Considering the totality of the circumstances, the court finds Mr. McCracken's allegation that Mr. Bryan's purported threats coerced him into participating in a drug transaction against his will insufficient to elevate Mr. Bryan's conduct to the type of conduct criminalized in §§ 1589, 1584, and 1581.

Accordingly, Mr. McCracken's complaint falls short of plausibly alleging any entitlement to relief under the TVPA. The court has thoroughly examined the record before it and finds Magistrate Judge Peterson's reasoning persuasive in light of that record. The court independently finds that Mr. McCracken's complaint (Dkt. # 5) fails to state a claim for the same reasons set forth by Magistrate Judge Peterson in her R&R.

## IV.   CONCLUSION

For the reasons stated above, the court:

(1) ADOPTS Magistrate Judge Peterson's R&R (Dkt. # 12) in its entirety;

//

//

//

(2) DISMISSES with prejudice Mr. McCracken's complaint (Dkt. # 5) and this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim for relief;

(3) DENIES as moot Mr. McCracken's motion to amend his complaint (Dkt. # 9), his motion for an extension of time (Dkt. # 13), and his motion for a continuance (Dkt. # 15); and

(4) DIRECTS the Clerk to send copies of this order to the parties and to Magistrate Judge Peterson.

Dated this 1st day of October, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 8